UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>JOHN MICHAEL VAZQUEZ<br>UNITED STATES DISTRICT<br>JUDGE | FRANK R. LAUTENBERG<br>POST OFFICE AND<br>COURTHOUSE<br>2 FEDERAL SQUARE, ROOM 417<br>NEWARK, NJ 07102<br>973-297-4851 |

April 19, 2016

VIA ECF

**LETTER OPINION AND ORDER**

    Re:    **Umair A. Khan v. The Guardian Life Insurance Company of America**
             **Civil Action No. 16-253**

Dear Litigants:

        The Court has reviewed Defendant Guardian Life Insurance Company of America's ("Guardian" or "Defendant") motion to dismiss the Complaint. D.E. 4. For the reasons stated below, the Court grants Defendant's motion. However, the dismissal is without prejudice, and Plaintiffs may file an amended complaint within 30 days.

        This case concerns the Defendant's alleged failure to fully pay short-term disability benefits to Plaintiff Umair A. Khan ("Plaintiff"). Plaintiff originally filed a complaint on December 17, 2015, against Defendant in New Jersey Superior Court. D.E. 1, Ex. A. In his Complaint, Plaintiff asserted six claims pursuant to New Jersey law: breach of contract, common law fraud, two violations of the New Jersey Consumer Fraud Act ("NJCFA"), breach of the implied covenant of good faith and fair dealing, and unjust enrichment. On January 14, 2016, Defendant removed the matter to this Court. D.E. 1. Defendants now move to dismiss Plaintiff's Complaint. D.E. 4. Defendant alleges that Plaintiff's state law claims are preempted by the Employee Retirement Income Security Act ("ERISA") and therefore should be dismissed. Plaintiff contends that the two claims under the NJCFA are not preempted by ERISA because they arise under an "independent legal duty" and are consistent with the policy reasons behind other state laws (not asserted here) that are not preempted by ERISA. D.E. 6. Plaintiff does not put forth any argument as to why the remaining causes of action are not preempted.

        To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "enough facts to state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all factual

allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss a complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. December 13, 2010).

Plaintiff in this action seeks additional benefits under Guardian's Short Term Disability Insurance Plan (the "Plan")[1] offered through Plaintiff's employer, DCH Paramus Honda.[2] D.E. 1, Ex. A. at 2. Plaintiff alleges that he enrolled in Option #4 under the Plan on January 1, 2015, permitting him to collect $800.00 per week from Defendant upon the onset of a disability. He further alleges that he became disabled on June 1, 2015 and to date has not been able to work due to his injury. D.E. 1, Ex. A. Plaintiff claims that over twenty-seven weeks have passed since his declared date of disability, and to date Plaintiff has received $404.00 less per week than the amount he is owed.[3] Plaintiff now sues to recover the difference between the amount he alleges he is owed and the amount he received.

ERISA applies to "any employee benefit plan if it is established or maintained ... by any employer engaged in commerce." 29 U.S.C. § 1003(a). ERISA defines an employee welfare benefit plan as follows:

> [A]ny plan, fund or program which was heretofore or is hereafter established or maintained by an employer or by an employee

---

[1] In support of its Motion to Dismiss, Defendant appended a complete copy of the Guardian booklet entitled "Your Group Insurance Plan Benefits." D.E. 4, Ex. B. The complete booklet is more appropriately entitled the Plan, as opposed to merely the section concerning short term disability insurance. However, since the distinction does not change the Court's analysis, Plaintiff's description of the Plan will be used. More importantly, the parties appear in agreement that the Plan is the controlling document. As a result, the Court has considered the Plan in the analysis of this matter. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

[2] DCH Paramus Honda is part of Lithia Motors, Inc., a nationwide automotive dealership headquartered in Medford, Oregon. D.E. 1, Ex. A at 4.

[3] Plaintiff indicates that he received a total of $1,000 per week in disability payments. Plaintiff's Complaint states that under the New Jersey Temporary Disability Benefits Law he is permitted to recover $604.00 per week. He alleges that this amount is in addition to the $800.00 weekly payment under the Plan, resulting is a weekly total of $1,404.00. Therefore, Plaintiff claims that the payments were $404.00 short of the total amount he was owed (the difference between $1,404 and $1,000).

2

> organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing [certain benefits] for its participants or their beneficiaries, through the purchase of insurance or otherwise.
>
> [29 U.S.C. § 1002(1).]

The Third Circuit has held that a health care plan is a covered employee benefit plan if "'from the surrounding circumstances a reasonable person could ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits.'" *Smith v. Hartford Ins. Grp.*, 6 F.3d 131, 136 (3d Cir. 1991) (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982)). The facts stated in the Complaint establish, and neither party contests, that the Plan is an ERISA-regulated plan.

ERISA contains a preemption clause, which provides that it "shall supersede any and all state laws insofar as they may now or hereafter **relate to** any employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added). The preemption clause has been interpreted broadly in light of the legislative purpose in establishing ERISA as the exclusive means of obtaining a legal remedy related to an employee benefit plan. *See Estate of Jennings v. Delta Air Lines, Inc.*, 126 F. Supp. 3d 461, 467 (D.N.J. 2015). A state law "relates to" a benefit plan "'if it has a connection with or reference to such a plan.'" *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987) (quoting *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985)). Therefore, in a case where "if there were no plan, there would have been no cause of action," ERISA should preempt any state cause of action. *1975 Salaried Ret. Plan for Eligible Emps. of Crucible, Inc. v. Nobers*, 968 F.2d 401, 406 (3d Cir. 1992).

If a claim "relates to" a benefit plan, the claim is completely preempted when (1) the plaintiff could have brought the action under § 502(a) of ERISA and (2) no independent legal duty supports the plaintiff's claim. *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). A legal duty is "independent" if it "would exist whether or not an ERISA plan existed." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 950 (9th Cir. 2009). Therefore, if the substance of a claim is separate and distinct from the ERISA plan at issue, there is an independent legal duty to bring that claim.

Here, Plaintiff's claims arising out of the purported failure by Guardian to pay in full his disability benefits are preempted. First, the claims "relate to" the Plan because if there were no Plan, there would be no alleged causes of action. The crux of Plaintiff's claim is whether benefits were insufficiently awarded to him under the Plan. Determining whether the amount paid to Plaintiff was sufficient would require the Court to review the details of the Plan. *See Estate of Jennings*, 126 F. Supp. 3d at 468 (finding that a claim "relates to" a benefits plan when "the Court will have to look at the terms of the Plan" to decide the cause of action). Here, each of Plaintiff's claims relate to the Plan.

Plaintiff's breach of contract, common law fraud, breach of implied covenant of good faith and fair dealing, and unjust enrichment claims are each preempted by ERISA. First, Plaintiff offers

no argument in his opposition as to why they are not preempted. Importantly, other courts in this Circuit have found such claims to be preempted. *See, e.g., Majka v. Prudential Ins. Co. of Am.*, 171 F. Supp. 2d 410, 414 (D.N.J. 2001) (preempting state law breach of contract and breach of the implied covenant of good faith and fair dealing); *Pendleton v. Regent Nat'l Bank*, No. 97-4327, 1998 WL 23163, at *3 (E.D.P.A. Jan. 22, 1998) (preempting state law fraud and unjust enrichment claims).

Plaintiff contends, however, that that with respect to his two NJCFA claims, there are two distinct "independent legal duties." Plaintiff alleges that Defendant both failed to disclose material terms to its policyholder as well as engaged in "unconscionable commercial practice." D.E. 6, at 7-8.[4] The Court disagrees. These claims, in disputing the amount owed to a beneficiary under an ERISA-governed plan, are precisely the types of claims that "[go] to the essence and function of an ERISA plan," and are accordingly preempted. *Kollman v. Hewitt Assocs., LLC*, 487 F.3d 139, 150 (3d Cir. 2007). Courts in this Circuit that have addressed consumer fraud claims in this context have concluded that such claims are expressly preempted by ERISA. *See e.g., Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 294-96 (3d Cir. 2014) (holding that ERISA expressly preempts plaintiffs' claims for common law fraud, misrepresentation, and violation of the NJCFA); *Grimes v. Prudential Fin., Inc.*, No. 09-419, 2010 WL 2667424, at *17-18 (D.N.J. June 29, 2010) (finding plaintiff's NJCFA claim preempted by ERISA). As a result, Plaintiff's NJCFA claims fall directly within the ambit of ERISA and are accordingly preempted.

Since Plaintiff's claims are preempted, Defendant's motion to dismiss is granted. Defendant further urges the Court to dismiss with prejudice. A court must grant leave to amend a complaint "absent evidence that amendment would be futile or inequitable." *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). An amended complaint would be futile if it "would fail to state a claim upon which relief could be granted." *Id*. at 115. In arguing that Plaintiff's claims are futile, Defendant asserts that it has fulfilled all of its obligations under the Plan. D.E. 4 at 16. However, in doing so, Defendant engages in an interpretation of its rights and duties under the Plan. In the Court's view, such a decision as to the contractual obligations, implications, and results of the Plan are better left to Plaintiff, in the first instance, to review and determine whether Plaintiff believes that he has a plausible cause of action.[5] As a result, the motion to dismiss is granted without prejudice.

---

[4] Plaintiff relies upon the New Jersey Unfair Claims Settlement Practices Act ("UCSPA") and the Insurance Fraud Prevention Act ("NJIFPA"), arguing that both statutes are intended to protect consumers from "bad faith" claim denials and are therefore not preempted by ERISA. D.E. 6 at 9. Neither statute is alleged here by the Plaintiff. Moreover, the only case cited by Plaintiff in support of this "policy" argument is distinguishable. In *Horizon Blue Cross Blue Shield of New Jersey v. Transitions Recovery Program*, 2011 WL 2413173 (D.N.J. June 10, 2011), the suit was brought by an insurer who sued its provider for fraudulent or negligent misbilling. Thus, the case was not comparable to the present facts in which a plan beneficiary is suing a plan administrator directly under the employee benefit plan.

[5] To be clear, the Court is not ruling that Defendant's interpretation is incorrect (or correct, for that matter). Instead, the Court is permitting Plaintiff time to review the issue and thereafter file

4

      The Court **GRANTS WITHOUT PREJUDICE** Defendant's motion to dismiss. Plaintiff has 30 days to file an amended complaint.

**SO ORDERED.**

                                                                             **JOHN MICHAEL VAZQUEZ**
                                                                             **UNITED STATES DISTRICT JUDGE**

---

an amended complaint if Plaintiff concludes that he can assert a plausible cause of action or actions.