Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UMAIR A. KHAN,<br><br>*Plaintiff,*<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, JOHN DOES 1 TO 10, XYZ CORPORATIONS 1 TO 10,<br><br>*Defendants.* | Civil Action No. 16-253<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on the unopposed motion to dismiss, for failure to file an amended complaint, made by Defendant The Guardian Life Insurance Company of America ("Guardian"). D.E. 16. The Court reviewed all submissions made in support and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Defendant's motion is **GRANTED**.

## I. FACTS AND PROCEDURAL HISTORY

This case concerns Defendant's alleged failure to fully pay short-term disability benefits to Plaintiff Umair Khan. Plaintiff filed this case in New Jersey state court asserting claims under New Jersey state law. Defendant removed the matter to this Court on January 14, 2016. D.E. 1. On April 19, 2016, this Court dismissed the complaint for failure to state a claim, holding that Plaintiff's state law claims were preempted by Section 502(a) of ERISA. The dismissal was

without prejudice and the Court provided Plaintiff leave to file an amended complaint within thirty days. D.E. 11. Judge Falk then granted two stipulations to extend the deadline to submit an amended complaint.[1] With the extensions, Plaintiff's new deadline by which to file an amended complaint was November 3, 2016. D.E. 15. Plaintiff has not yet filed an amended complaint.

Due to Plaintiff's failure to file an amended complaint, Defendant filed this motion to dismiss on December 20, 2016. Defendant moves to dismiss this case with prejudice for Plaintiff's failure to file an amended complaint by the Court-imposed deadline. D.E. 16. Though Defendant does not cite any legal grounds by which to dismiss this matter, the Court considers this motion as one for dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Furthermore, in its Certification supporting the motion, Defendant provides the Court with the following information: (1) Plaintiff's claim for the disputed disability benefits was reversed through administrative appeal and the benefits have been paid to Plaintiff in full; (2) Plaintiff settled the case with Guardian without the assistance of counsel, and (3) Plaintiff's attorney has been "relieved as counsel" for Plaintiff. Maniloff Cert. ¶¶ 3-9, D.E. 16.

## II. LAW AND ANALYSIS

The sanction of dismissal is an available tool within the district court's discretion to regulate its own docket. *See Guyer v. Beard*, 907 F.2d 1424, 1429-30 (3d Cir. 1990). However, dismissal with prejudice is drastic "sanction of last resort." *Id.* at 1429. As such, dismissal is warranted only in extreme cases. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984). Under Rule 41, a defendant may move to dismiss an action against it where the plaintiff fails to prosecute its claim, or to comply with the Federal Rules or a court order. Fed. R. Civ. P.

---

[1] Plaintiff's first stipulation was timely and extended the deadline from May 19, 2016 to August 5, 2016. D.E. 13. The second stipulation was requested four days after the August 5 deadline, but the deadline was nevertheless extended to November 3, 2016. D.E. 15.

2

41(b). When dismissing a case pursuant to Rule 41(b), a court must apply the six-factor *Poulis* test to determine whether dismissal is warranted as a sanction against an offending party. *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013). The *Poulis* factors are as follows: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the party's conduct; (3) whether the party has a history of dilatoriness; (4) whether the party's conduct was willful or in bad faith; (5) the effectiveness of other non-dismissal sanctions; and (6) the claim's merit. *Hoffman v. Palace Entm't*, 621 F. App'x 112, 114 (3d Cir. 2015) (citing *Poulis*, 747 F.2d at 867-68). Not all factors must be satisfied in order to warrant dismissal, nor is any factor singularly dispositive. *James v. Riordan*, No. 13-1667, 2016 WL 4544336, at *2 (D.N.J. Aug. 30, 2016) (quoting *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008)). In close cases, "doubts should be resolved in favor of reaching a decision on the merits." *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 870 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984)).

Accordingly, the Court will address each *Poulis* factor in turn.

### 1. Extent of the Party's Responsibility

In situations that are directly attributable to a party's personal failure, this factor often weighs strongly in favor of dismissal. *See, e.g., GiftBoxCenter, LLC v. PetBox, Inc.*, No. 15-4390, 2017 WL 961883, at *2 (D.N.J. Jan. 17, 2017) (holding defendant personally responsible for failure to retain new counsel and maintain contact with the Court); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988) (holding that failure to attend scheduled depositions and comply with discovery requests was personal responsibility of plaintiff); *Hoffman*, 621 F. App'x at 114 (weighing factor in favor of dismissal where *pro se* plaintiff failed to respond to discovery requests and court orders).

Here, Plaintiff failed to submit an amended complaint within either the original thirty days or the extended deadline of six months. Def's Mot. to Dismiss ¶ 12. Furthermore, according to Defendant, Plaintiff discharged his counsel in November 2016. Maniloff Cert. ¶ 9. Since that time, Plaintiff has not filed an amended complaint, responded to this motion, or informed the Court that the matter has been resolved. As such, Plaintiff has effectively abandoned this case. Accordingly, this factor weighs in favor of dismissal.

### 2. Prejudice to Other Parties

This factor weighs in favor of dismissal where the offending party's actions cause prejudice to other litigants in some fashion. For example, in *Emerson v. Thiel College*, the Third Circuit affirmed dismissal of the claim in part because undue delays caused by a plaintiff's failure to prosecute and comply with court orders were "inherently prejudicial" to the defendant. 296 F.3d 184, 191 (3d Cir. 2002). In *GiftBoxCenter*, the Court concluded that manifest injustice would result if the defendants' counterclaim was not dismissed because the defendants discharged their legal counsel and provided no indication that new counsel would resume their defense of the matter. *GiftBoxCenter*, 2017 WL 961883, at *2. In this instance, Plaintiff's failure to maintain communication with both Defendant and the Court and move this matter forward unfairly prejudices Defendant.

### 3. History of Dilatoriness

In considering a motion to dismiss for lack of prosecution under Fed. R. Civ. P. 41(b), history of dilatoriness may be found where a party, through extensive or repeated actions or lack thereof, delays or fails to comply with court orders or respond to discovery requests. *Adams*, 29 F.3d at 874. In considering such actions, the court should examine the party's behavior throughout the case; regular or frequent behavior that reflects a history of dilatoriness will weigh in favor of

dismissal for failure to prosecute. *Id.* at 875 (finding that failure to prosecute a claim for four and one-half years is a "significant and inexcusable delay," and "weighs toward, but does not mandate, dismissal."). Furthermore, "[i]f compliance [with a court order] is not feasible, a timely request for an extension should be made to the court." *Poulis*, 747 F.2d at 868.

Plaintiff had no history of dilatoriness prior to the April 19, 2016 Court Order and his first request for extension was punctual. However, Plaintiff belatedly applied for a second extension and has not adhered to this new deadline. In addition, Plaintiff failed to provide any explanation for his delay. Weighing the lack of dilatory history prior to the April 19 Court Order against Plaintiff's failure to file an amended complaint more than eight months past the extended deadline, this factor is neutral.

### 4. Willfulness & Bad Faith Conduct

When evaluating this factor, a court looks for "willful or contumacious behavior" that can be characterized as "flagrant bad faith." *Adams*, 29 F.3d at 875. "Willfulness involves intentional or self-serving behavior." *Id.* Courts have found willful behavior on facts similar to those present here. For example, in *GiftBoxCenter*, defendants separated from their legal counsel and failed to retain new counsel or maintain communications with the other litigants. Although the court determined that this behavior was not evidence of bad faith, it concluded that defendants' willfulness still weighed in favor of dismissal. *GiftBoxCenter*, 2017 WL 961883, at *3.

Here, it appears to the Court that Plaintiff has taken no steps to move this case forward since his last request for an extension almost a year ago. Moreover, taking Defendant's factual allegations as true, Plaintiff no longer has legal representation in this matter and settled the case without representation. Maniloff Cert. ¶ 9. While there does not seem to be any evidence of bad

5

faith or malicious intent in so doing, it is difficult to characterize Plaintiff's apparent abandonment of the case as mere inexcusable neglect. As a result, this factor leans toward dismissal.

### 5. Alternative Sanctions

Dismissal with prejudice is "the most severe in the spectrum of sanctions," though it remains available to the district court as a necessary tool both to penalize the appropriate parties for their punishable conduct and to deter others from acting similarly. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). But "district courts should be reluctant to deprive a plaintiff of the right to have his claim adjudicated on the merits." *Titus v. Mercedes Benz*, 695 F.2d 746, 749 (3d Cir. 1982). A court should also consider whether alternative measures, such as favorable evidentiary treatment and attorneys' fees and costs related to the delay, could "chasten [the plaintiff] effectively" without dismissing the case. *Adams*, 29 F.3d at 876. Where monetary sanctions do not operate effectively, this weighs in favor of dismissal. *See Emerson*, 296 F.3d at 191 (favoring dismissal where monetary sanctions would not be an effective alternative against a plaintiff proceeding *in forma pauperis*).

Here, the Court finds that Plaintiff's failure to prosecute the claim for over a year following the April 19, 2016 order is indicative of a desire to abandon this case. Moreover, as represented by Defendant, Plaintiff has already settled the matter privately with Defendant Guardian Life. *See* Maniloff Cert. ¶¶ 3-9. This factor thus leans toward dismissal.

### 6. Merits of the Claim

In weighing the sixth *Poulis* factor, courts deem a claim meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *El-Hewie v. Paterson Public Sch. Dist.*, No. 13-5820, 2015 WL 5306255, at *5 (D.N.J. Sept. 10, 2015) (quoting *Poulis*, 747 F.2d at 869-870). Courts in this district treat this

standard analogously with the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See id.* (considering adequacy of the claim using Rule 12(b)(6) standard); *see also James*, 2016 WL 4544336, at *3 ("[T]o determine whether a plaintiff's claim is meritorious for purposes of [*Poulis*], courts use the standard for a Rule 12(b)(6) motion to dismiss. . . ."). In *Hoffman*, the Third Circuit recognized that a plaintiff's meritorious claim will not on its own overcome a finding that the other factors weigh in favor of dismissal. *Hoffman*, 621 F. App'x at 116.

In the instant case, the Court previously determined that Plaintiff failed to state a claim, and Plaintiff has failed to file an amended complaint. Thus, Plaintiff does not demonstrate any meritorious claims. As such, this factor weighs in favor of dismissal.

In sum, each of the *Poulis* factors weighs in favor of dismissal or is neutral. Thus, the Court finds that the balance of factors weigh in favor of dismissal at this time.

### III. CONCLUSION

For the foregoing reasons Defendant's motion to dismiss (D.E. 16) is **GRANTED**. However, because dismissal with prejudice is a drastic remedy the case is dismissed *without prejudice*. Plaintiff shall have thirty days from the date of this Opinion, to show cause why the matter should not be dismissed *with prejudice*. If Plaintiff fails to respond within that time, this case will be dismissed *with prejudice*. An appropriate Order accompanies this Opinion.

Dated: August 2, 2017

John Michael Vazquez, U.S.D.J.

7